**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-7284**

———————

DEVONTAY D. MYLES,

        Plaintiff - Appellant,

    v.

SGT. EDWARDS; C/O CAMPBELL; LT. JAMES WILLIAMS; SGT. TYRIEK
TAYLOR,

        Defendants - Appellees,

    and

MS. BENNETT, Asst. Superintendent,

        Defendant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at
Raleigh.  James C. Dever III, District Judge.  (5:19-ct-03128-D)

———————

Submitted:  March 11, 2024                                         Decided:  April 17, 2024

———————

Before DIAZ, Chief Judge, and AGEE and HARRIS, Circuit Judges.

———————

Remanded by unpublished per curiam opinion.

———————

Devontay D. Myles, Appellant Pro Se.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After he was released from prison, Devontay D. Myles forwarded his new mailing address to the district court, where his amended 42 U.S.C. § 1983 complaint was pending on remand. This was the last time the district court heard from Myles for months.

On August 17, 2022, the district court granted Defendants' motion for summary judgment in part but denied the motion with regard to Myles' excessive force claim against certain Defendants and referred the case to the magistrate judge for a settlement conference. The next day, August 18, the magistrate judge ordered the parties to file a notice with the court by September 1 indicating which days they were available for the settlement conference. Myles did not respond to that scheduling order. Accordingly, on September 8, the magistrate judge issued a show cause order directing Myles to appear, by phone or in person, at a hearing on September 21. When Myles did not appear at the show cause hearing, the magistrate judge recommended dismissing the amended complaint due to Myles' failure to prosecute and comply with the court's orders. Myles did not object to the magistrate judge's memorandum and recommendation by the deadline after being advised of the consequences of failing to object.[*] On October 25, the district court reviewed the magistrate judge's memorandum and recommendation for clear error and, finding none, accepted the magistrate judge's conclusions and dismissed Myles' amended § 1983 complaint.

---

[*] The magistrate judge gave Myles until October 5 to file his objections, but because Myles was served by mail, he had until October 11 to object. *See* Fed. R. Civ. P. 6(a)(1)(C), (d).

2

The timely filing of objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation where the parties have been warned of the consequences of noncompliance. *See Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 103 (4th Cir. 2020); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985). On appeal, however, Myles suggests that he missed the relevant deadlines because he was released from the hospital on October 15, 2022, after receiving treatment for a life-threatening condition. *See Martin v. Duffy*, 977 F.3d 294, 298 (4th Cir. 2020) ("We read the pleadings of a pro se plaintiff liberally and interpret them to raise the strongest arguments that they suggest." (internal quotation marks omitted)). We conclude that the current record does not reveal whether Myles was incapacitated when he failed to respond to the magistrate judge's August 18 scheduling order by September 1, attend the September 21 show cause hearing, or object to the magistrate judge's recommendation.

Accordingly, we remand to the district court for the limited purpose of determining whether Myles has legitimate grounds for an extension of any of the deadlines. *See* Fed. R. Civ. P. 6(b)(1)(B). The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*